GRACON CORPORATION, a
Colorado Corporation

v.

The UNITED STATES.

No. 521–84C.

United States Claims Court.

Oct. 29, 1984.

Theodore T. Davis, Wheat Ridge, Colo., attorney of record, for plaintiff. Daniel M. Gross, O.P. Easterwood, Jr., Washington, D.C., and Skelton, Oviatt & O'Dell, Wheat Ridge, Colo., of counsel.

Thomas J. Rappaport, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Martin R. Cohen and John J. Mahon, U.S. Army Corps of Engineers, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

This pre-award contract claim comes before the court on motions for summary judgment filed by the parties concerning the complaint filed October 11, 1984 for declaratory and injunctive relief. At issue is whether the decision of the United States Corps of Engineers (Corps) to award a dismantlement contract for Titan II silos to Western States Construction Company, Inc. (Western) has, or lacks, a rational basis.

### Facts

In July 1984 the Omaha district of the Corps issued a "Basic" solicitation requiring a bid price on a contract for the dismantlement of 17 Titan II silos in the vicinity of McConnell Air Force Base, Kansas. Also required in the bidding schedule was a separate "options" price covering an additional (18th) silo site.

As to the award, the solicitation provided:

> 15. INTENT OF AWARD. The low bidder for purpose of award shall be the conforming responsible bidder offering the low amount for the basic work exclusive of options. The terms of exercising options are specified in SECTION: SPECIAL CLAUSES, paragraph: OPTION FOR INCREASED QUANTITY.

The bidding schedule also incorporated a footnote which stated:

> 2. Any bid which is materially unbalanced as to prices for basic and optional bid items may be rejected as non-responsive. An unbalanced bid is one which is based on prices significantly less than cost for some work and prices which are significantly overstated for other work.

Bids were opened on September 25, 1984 with the following results:

|  | Basic | Option |
|---|---|---|
| Western States Construction Co., Inc. | $4,690,000 | $1,190,000 |
| GRACON Corporation | 5,090,000 | 320,000 |
| Martin K. Eby Const. Co. | 5,600,000 | 363,000 |
| Hawkins Const. Co. | 6,095,000 | 388,000 |
| Sherwood Const. Co. | 6,366,500 | 374,500 |

| | | |
|---|---|---|
| Peterson Contractors | 6,451,500 | 379,500 |
| Crossing Const. Co. | 6,600,000 | 280,000 |
| Santa Fe Engrs, Inc. | 6,814,000 | 389,000 |
| Border States Paving | 6,873,000 | 360,000 |
| E & E Hauling & U.S. Dismantlement Corp. | 7,860,000 | 471,960 |
| W.A. Ellis Const. Co. | 8,200,000 | 500,000 |
| Garney Companies, Inc. | 8,489,000 | 500,000 |
| Angelo Iafrate Const. Co. | 8,747,112 | 514,536 |
| Asphalt Paving, Inc. | 9,974,989 | 554,167 |

Plaintiff promptly protested any award to Western, requesting that Western's bid be declared nonresponsive and rejected on the basis of the above-quoted footnote concerning bid unbalances. Plaintiff asserted that, based on the Western basic bid price (divided to obtain a per-site average) and the options price bid by all the other contracts, it was obvious that Western's options price was greatly overstated.[1]

In an affidavit executed on October 24, 1984, the contracting officer for the Corps, Col. William R. Andrews, Jr., stated in part as follows:

[T]hat he determine the bid of Western States Construction Company to be not materially unbalanced and responsive to the IFB, since the Government, by accepting the basic bid and not exercising the option, can insure that an award to this bidder will result in the lowest ultimate cost; and that in making this determination he placed no reliance on the option bid, in accordance with the requirements of paragraph 15 of the Bidding Information.

(5) Finally, that it is in the best interest of the Government to award a contract to Western States Construction Company to perform the basic work required by IFB DACA45-84-B-0067 for $4,690,000.

## Discussion

Plaintiff asserts that no rational basis exists for awarding the contract to Western. Plaintiff relies essentially on the obvious disparity between Western's basic bid price and its option price. Plaintiff sets forth several scenarios under which an award to Western would not be rational. These possibilities include dismantling of the option site either under Western's option price, a negotiated price or a separate contract.

If, in this matter, prices in the bid were overstated and understated relative to cost in such a manner that a reasonable doubt would be engendered that acceptance would result in the lowest ultimate cost to the government, the bid could be rejected as nonresponsive. *Northern Virginia Van Co. v. United States,* 3 Cl.Ct. 237 (1983). However, here the terms of the solicitation required that award be premised upon the basic prices bid without consideration of the option prices, and do not require that the option be exercised. Viewed only on the basis of the basic prices, Western is clearly the low bidder.

While the bidding schedule footnote does permit a bid to be rejected if unbalanced, it does not require this result. Clearly, the Western option price is overstated as bid, but it is not clear that there is any corresponding understated costs such as to produce an unbalancing situation as defined in the quoted footnote. Because the Corps of Engineers can decline to exercise the one-site option, Western would have little rational incentive to so understate its basic costs on 17 sites in the hope of a recoupment on the one-option site.

In any event, the contracting officer's decision to award the contract only on the basis of the basic price is in full accord with the bidding requirements. Given the requirement that this court intervene in such pre-award decisions only in extraordinary circumstances, *see F. Alderete General Contractors, Inc. v. United States,* 4 Cl.Ct. 482, 493 (1984), it cannot be conclud-

---

1. Western has apparently filed a mistake-in-bid claim with the Corps asserting that its options price was erroneously transcribed and was intended to be $190,000. As defendant does not, however, rely on the presence or absence of such a mistake as a basis for its legal position in this proceeding, the merits as to this "mistake" issue are concluded to be irrelevant to a resolution of the pending matter.

ed that plaintiff has presented such a circumstance. On the basic price, Western is low bidder and considerations involving the one-site option are simply too speculative to support any judicial second-guessing concerning the Corps' award decision.[2] It must be assumed that in any future decision with respect to exercising the option, the Corps will maintain the integrity of the bidding process. *See Harris Systems Intern., Inc. v. United States,* 5 Cl.Ct. 253, 262 (1984).

### Conclusion

In the above circumstance, as plaintiff has not established a valid basis for the relief sought, it is ORDERED that its complaint be dismissed.

---

**2.** Given this result it is not necessary to consider the disputed issue as to national security considerations raised by the parties.